FORM TO BE USED BY A PRISONER FILING A COMPLAINT
UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. §1983

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

STEVEN E. TARPLEY #307233

North Branch Correctional Facility

14100 McMullen Highway, S.W.

Cumberland, Maryland, 21502
(Full name, prison identification
number and address of the plaintiff)

v.

Civil Action No. _____
(Leave blank on initial filing to be filled in by Court.)

Mr. CARROLL A PARRISH, Secretary

Department of Public Safety & Correct-

ional Services, 300 E. Joppa Road,

Suite 1000, Towson Maryland, 21286
(Full name and address of the defendant(s))
Other Defendants Listed on Other Sheet

## COMPLAINT

I.   Previous lawsuits

   A.   Have you filed other cases in state or federal court dealing with the same facts as in this case or against the same defendants?

      YES ☐     NO ☑

   B.   If you answered YES, describe that case(s) in the spaces below.

      1.   Parties to the other case(s):

         Plaintiff: N/A

         Defendant(s): N/A

1983 Complaint (Rev. 03/2011)                    6

## DEFENDANTS (cont.)

GREG L. HERSHBERGER, former Secretary, Department of Public Safety & Correctional Services, 300 E. Joppa Road, Suite 1000, Towson, Maryland, 21286-3020

WAYNE A. WEBB, former Executive Director, DPSCS, North Region; Now Deputy Secretary of Operations, 6776 Reisterstown Road, Suite 310, Baltimore, Maryland, 21215-2342;

FRANK B. BISHOP Jr. former Warden, North Branch Correctional Facility; Now Executive Director, Department of Public Safety & Correctional Services, North Region, 18601 Roxbury Road, Hagerstown, Maryland, 21746;

RICHARD E. MILLER, Acting Warden, North Branch Correctional Facility, 14100 McMullen Highway, Cumberland, Maryland, 21502-5777;

THOMAS L. SAWYERS, North Branch Correctional Facility, 14100 McMullen Highway, Cumberland, Maryland, 21502-5777 (Unit Manager - NBCI Unit-2)

DAMON THOMAS (sgt.) U.I.C. Housing Unit-2, North Branch Correctional Facility, 14100 McMullen Highway, Cumberland Maryland, 21502

ALL DEFENDANTS ARE SUED IN THEIR INDIVIDUAL AND OFFICIAL CAPACITIES.

## DEFENDANTS (cont.)

ROBERT HARRIS (Sgt.) North Branch Correctional Facility PROPERTY ROOM, 14100 McMullen Highway, Cumberland Maryland, 21502;

JEREMY M. CRITES (Sgt.) North Branch Correctional Facility, 14100 McMullen Highway, Cumberland, Maryland, 21502

GARY DROZDA (CoII) North Branch Correctional Facility, 14100 McMullen Highway, Cumberland, Maryland, 21502

T. LEASURE, (CoII) North Branch Correctional Facility, 14100 McMullen Highway, Cumberland, Maryland, 21502

(Lt) GILLUM, North Branch Correctional Facility, 14100 McMullen Highway, Cumberland, Maryland, 21502.

ALL DEFENDANTS ARE SUED IN THEIR INDIVIDUAL AND OFFICIAL CAPACITIES.

2. Court (if a federal court name the district; if a state court name the city or county): N/A

3. Case No.: N/A

4. Date filed: N/A

5. Name of judge that handled the case: N/A

6. Disposition (won, dismissed, still pending, on appeal): N/A

7. Date of disposition: N/A

II. Administrative proceedings

A. If you are a prisoner, did you file a grievance as required by the prison's administrative remedy procedures?

YES ☑   NO ☐

1. If you answered YES:

   a. What was the result? I tried to file but my grievance was obstructed by Housing Unit Manager.

   b. Did you appeal?

   YES ☐   NO ☑

2. If you answered NO to either of the questions above, explain why: I was Never allowed to actually file remedy, this is but one of the issues presented herein

## STATEMENT OF CLAIM

Plaintiff came to North Branch Correctional Facility, (NBCI) on June 7, 2010. With him amongst his posessions were his trial transcripts, approximately 817 pages, Appellate briefs and Opinion; Corrispondance with the various attorneys assigned by the Office of the Federal and State Public Defender; Records gathered from the Maryland State Police; Maryland State Fire Marshalls Office; Federal Bureau of Alcohol, Tobacco, Firearms & Explosives; Documents from the Maryland State Legeslature, (Senate Bill 279 (1997); Postconviction Petition and Opinion; Report Summaries from the Patuxant Instutition; and Refrences from the DSM III, and the DSM IV And Beyond, (Ch. 13 The Agrandizing Pattern); Statutes and caselaw supporting Plaintiff's Motion To Reopen his Postconviction Proceeding. Also included in the roughly 3.5 cubic feet of paperwork were: Assorted Division of Correction Directives and Regulations, case law pertaining to Prison Litigation; Fourteen Years of Security Reviews; Case Managment Notes; Records of Communication with Various Case Managment Staff; Administrative Grievances; Disciplinary Actions; Pending Civil Rights Actions: Tarpley-v-Maynard, No. 03-C-14-011501; Pending Administrative and Judicial Review Proceedings: I.G.O. No. 20141555; Case No. 01-C-14-041202; I.G.O. No. 20141116, Case No. 01-C-14-041441; I.G.O. No. 2014 2528 (A Challenge To the denial of G.C.C.); NBCI-2230-14 (Tarpley-v-Sawyers); Tarpley-v-Bishop, No. 01-C-14-04155 (Access To Base File Information); and A contemplated but unfiled challenge To Plaintiff's Continued Assignment To Maximum Security. ALL OF THE FORGOING HAVE BEEN ILLEGALLY CONFISCATED AND WITHHELD BY DEFENDANT ROBERT HARRIS AT THE

DIRECTION OF JEREMY M. CRITES, GARY DROZDA; GREGORY BEAN, AND T. LEASURE.

ALL OF THE ABOVE MATTERS ARE WORKS IN PROGRESS AND THE DEFENDANTS HAVE CONFISCATED ALL OF THE DOCUMENTARY EVIDENCE HE WAS RELYING ON TO CARRY HIM PAST ANY MOTION TO DISMISS OR FOR SUMMARY JUDGMENT BY THE STATE; ALL CASE LAW SUPPORTING HIS CLAIMS; SENTENCING TRANSCRIPTS NEEDED TO SHOW THE ERRORS COMPLAINED OF; THE STATUTORY SOURCE OF THE RIGHT TO COUNSEL AT SENTENCE REVIEW; CASE LAW THAT SUPPORTS GRANTING RELIEF FOR VIOLATIONS OF THE RIGHT.

In his Motion To Reopen his Closed Post Conviction Proceeding Under State law, Post Conviction Counsel is obligated to review any pro-se petition, investigate Petitioner's case, and supplement, Amend, ect. any petition he/she finds has omitted any viable grounds for relief that were overlooked, or delete any frivolous claims that may detract from his/her clients case. Price-v-State ___ Md. App. ___ (2012) (citing Niblett-v-Warden ___ Md. ___ (1959). Petitioner presented a claim that "Trial Counsel neglected to explain that he has a statutory right to counsel to file a 'Motion For Sentence Review'; see Robinson-v-State ___ Md. ___ (1969) and for purposes of waiver of counsel in any Motion For Sentence Review, Maryland Rule 4-215(e) applies. Bendelman-v-State 73 Md. App. 329, 533 A. 2d 1339 (1987). In Johnson-v-State 187 Md. App. 481, 979 A. 2d 190 (2009) Johnson filed pro-se (as did Plaintiff) Motion for Sentence Review; the Pannel ruled that his sentence should remain unchanged.

Johnson was denied his fundamental right to Counsel, for absent that denial, the panel might have been persuaded to decrease the sentence. id. at 487.

Because Postconviction Counsel did not review, investigate and supplement or Amend this Ground For Relief, Plaintiff was denied the effective assistance of Postconviction Counsel; and Now the defendants are withholding from him by authority of State law, the materials which DO NOT BELONG TO THEM, that Plaintiff must have in order to bring his motion to Reopen his Post conviction proceeding, and other grounds as well;

Plaintiff is currently seeking redress for RETALIATION against him by NBCI staff in the Civil Rights Action: Tarpley-v-Maynard, No. 03-C-14-011501 in the Circuit Court for Baltimore County.

In that case Plaintiff alleges that the Defendants RETALIATED against him because he prevailed in another action against former Warden Bobby P. Shearin, 01-C-11-036008. Plaintiff had filed for injunction against the warden and his agents whom were repeatedly canceling Housing Unit-3, C-Wing's library day in order to prevent Plaintiff from making photocopies that were needed to satisfy the State's request for discovery in that case.

On 3-4-13 a hearing was held in the Circuit Court for Allegany County before Honorable G. Gary Leasure. Ms. Dorianne A. Meloy, Assistant Attorney General asked the Court ... if we could come up with some alternative means to provide access to the library, and make photocopies" in case he is on

lock-up. This statement is reflected in (1) hearing transcript; (2) case summary; and (3) case notes by NBCI case management.

The Court ordered that Plaintiff is to be provided access to the library to make photocopies on or before March 8, 2013 and alternative means, through case management is acceptable.

On March 7, 2013 Plaintiff was held back and denied lunch so that his cell could be searched. Defendants Gentzler and Cory Dolley conducting the search came out almost immediately with a razor blade, and charged Plaintiff and not his celly with Rule 105, Possession of a Weapon. However, there was something very odd about the NOTICE: "The report was typed, and stated that at 10:00 AM the cell was searched and weapon found, and that Plaintiff claimed ownership of the weapon."

Now, ordinarly, Unit-3, C-Wing would depart for the dining hall at 9:55 AM to 10:00 AM. On this particular day, the low side (cells 1-16) went out first and after a long delay, they returned. It was not until 10:45 that anyone actually went to lunch. (This can be proven through the tier log). Lt. Ernest Dolley would "amend" the time listed on the report to read "10:45 AM" and initial it.

Plaintiff asserts that in light of the evidence available, it is by a "clear and convincing" standard that the NOTICE/Report was written before the search had ever occured, giving rise to the fact that it was a SHAM intended to justify or legitimize the Defendants intention to retaliate against Plaintiff by locking him up. The DOC Hearing Officer credited the officers report without requiring him to testify, and imposed 180 days segragation and loss of G.C.C.

Plaintiff also provides assistance to other inmates who by some impairment cannot read, write, or comprehend the Administrative grievance Process or criminal jurisprudence as he is permitted to do so by DCD 200-2 VI, C "FREE OF CHARGE".

Plaintiff, for this purpose had just prior to the search, written an Administrative Remedy for Michael Donaldson #361180 charging that Ofc. Christel V. Kelley had lied on her report charging him with "... Stealing or Posessing State Property Identified as Stolen". Her claim is refuted by security video and she [should] have been subject to Disciplinary Action. Exhibit-1 at 3 et. seq.

Plaintiff was also in posession of Trial Transcripts as well as other records belonging to MARK HOLLINGSWORTH; and GREG D. TILGHMAN #354737 for purposes of drafting and filing a MOTION TO CORRECT AN ILLEGAL SENTENCE; and PETITION FOR POSTCONVICTION RELIEF.

Defendant Sgt. Thomas has repeatedly exclaimed "You Jailhouse Lawyers just don't know the Rules" as he "tossed" one of Plaintiff's clients legal work, and transcripts all over the cell on a May 15, 2012 cell search.

Ever since his arrival in Unit-1, officers who don't even know Plaintiff are repeating the MANTRA "You must pick your battles" as if to voice some objection over something he has filed.

Of all the times that Plaintiff's cell has been searched with the exception of annual facility wide searches or Building-wide Searches brought about by some incident,

Jeremy Crites has been at the root of it; September 14, 2013 Crites & Marion Eagleson made off with the State's Motion To Dismiss or for Summary Judgment 13-522-GLR; see ARP No. NBCI-2797-13;

September 2014, Jeremy Crites, Leon Goodrich and T. Leasure "trashed" cell 2-B-18 and Goodrich took Plaintiff's Neck Brace;

December 6, 2014, Jeremy Crites again ordered a search of Plaintiff's cell 2-B-22 and confiscated ALL his legal papers, which were later returned December 9, 2014 by Sergeant Harris, the NBCI property officer;

Again, January 5, 2015 Jeremy Crites directed the search of Plaintiff's cell where he ordered Drozda to confiscate ALL Plaintiff's legal work, claiming it to be EXCESS PROPERTY only this time, they also took my READING GLASSES! Exhibit-1;

Plaintiff has tried to recover his READING GLASSES and legal papers, but Sgt. Harris, the NBCI property officer is now giving Plaintiff the RUN-A-ROUND about getting his legal work, Exhibit-2;

Officer Randolph C. Bennett claims that Harris has not yet given him Plaintiff's property and this was confirmed by Plaintiff's Celly who was present in the NBCI main property room and saw boxes marked with Plaintiff's name and heard Sgt. Harris tell Bennett that he ... would send Plaintiff's property AFTER he is finished with "THESE INTAKES". That was a week ago.

PLAINTIFF received an Adjustment as the result of

cell search, but because he is deprived of his READING GLASSES and DOC/COMAR and other legal refrences that he aquired, he CANNOT READ THE WRITTEN DECISION, or EFFECTIVELY CHALLENGE THE PROCEDURE WITHOUT THE REGULATIONS (COMAR 12.02.27) Governing it; Exhibit-3;

The Defendants Carroll Parrish and Wayne A. Webb are well aware of the goings on at NBCI, only one year ago former warden Bobby P. Shearin was terminated for, among other things; (1) Failure to Provide Leadership according to department policy; (2) Failure To Address serious staff Misconduct; (3) Failure To hold staff Accountable for their actions; (4) Allowing the chain of Command To Lapse To The Point That Supervisors are ineffective; (5) Violation of Policy and failure to follow orders and directives, EXHIBIT-4; The terminating/Removal of Mr. Shearin does not ipso-facto cure a long standing problem, not just at NBCI, but in all CUMBERLAND INSTITUTIONS! "Maleficia non debent remanere impunita; et impunitas continuum affectum tribuit delinquenti". ("Evil deeds ought not to remain unpunished; and impunity affords continual incitement to the delinquent"). The Defendants Webb, Parrish, and New Acting Warden Miller are fully aware of the misconduct committed by custody staff on a regular basis, and in this matter sub-judice yet refuse to do anything about it, Exhibit-4 at 3-6.

LEGAL PAPERS CANNOT BE TREATED AS CONTRABAND! Plaintiff is still entitled to SOME FORMAL HEARING ON THE ISSUE OF FOREEITURE BUT HE WAS NOT PROVIDED

RELIEF REQUESTED

I. This Court shall find that the Defendants are illegally withholding/obstructing his lawful right of access to the court in violation of his First, Fourth, and Fourteenth Amendment rights guaranteed by the United States Constitution; and ORDER that the Defendants must DISGOURGE of all Plaintiff's legal documents and other property.

II. This Court shall find that Defendants Crites targeted for retribution Plaintiff because he chose to EXERCISE HIS FIRST AMENDMENT RIGHT TO PETITION THE GOVERNMENT FOR REDRESS OF HIS GRIEVANCES and send a certified copy of that finding to the MARYLAND STATE GOVERNOR for Disciplinary action;

III. This Court shall find that Defendants Crites, Drozda, Baker, Leasure, and Harris conspired together to permanently deprive Plaintiff of his personal property legal documents by force or threat of force and send a certified copy of that finding to: THE DIRECTOR OF THE DPSCS INTERNAL INVESTIGATIONS UNIT for investigation/disciplinary action;

IV. This Court shall find Defendants Miller, Webb and Parrish were RECKLESSLY INDIFFERANT to the conduct of their staff and operation of NBCI and send a

## RELIEF (continued)

certified copy of that finding to the appointing authority for disciplinary action;

V. This Court shall find that Gary Drozda and/or Jeremy Crites are responsible for the (1) Destruction of Plaintiff's Book, (BLACK'S LAW DICTIONARY); (2) Trial Transcripts, Appeal Briefs, Opinion, Post conviction Petition, legal corrispondence with his attorneys, Motion To Reopen his Postconviction Proceeding; and all supporting records, as well as case No. 03-C-14-011501 Tarpley-v-Maynard and ORDER that they shall REPLACE all of these documents since any Monetary compensation would only go to cover any outstanding State Debt and that would violate Article III §40 of the State Constitution. (takings clause)

VI. This Court shall find that Defendants Miller, Crites, Drozda, Harris, and Leasure acted willfully, maliciously and opressively and hold them liable for $10,000.00 in PUNITAVE DAMAGES awarded jointly, and severally against each defendant;

VII. This Court shall find that the NBCI custody staff are OUT OF CONTROL and order their REPLACMENT; and PLAINTIFFS TRANSFER OUT OF NBCI, away from the influence of these corrupt officials.

VERIFICATION

I, Steven E. Tarpley #307233 do certify that I have read the claims made herein and hereby swear and affirm under the penalties of perjury that these are true and correct based upon personal knowledge.

S/l
Steven E. Tarpley #307233
North Branch Correctional Facility
14100 McMullen Highway
Cumberland, Maryland
21502-5777